## SAMUEL H. GILMAN *v.* BONNER AND SMITH, AND STILLMAN, ALLEN & CO.

The plaintiff was employed by agents, who disclosed their principals, with whom he corresponded directly, and to whom alone he rendered services. *Held*: That the agents were not bound.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Thomas Hunton*, for plaintiff, *Goold* and *Howard*, for defendants. By the court:

PRESTON, J. The plaintiff is an engineer. *Stillman, Allen & Co.* are the proprietors of the Novelty Iron Works of New York, and *Bonner* and *Smith,* their agents in New Orleans. The suit is for a large amount, for services rendered by the plaintiff to the defendants.

GILMAN
*v.*
BONNER.

The plaintiff alleges, that he was employed by *Bonner* and *Smith,* to go into the country parishes, to solicit and make contracts on behalf of *Stillman, Allen & Co.,* for the supply of engines and machinery for sugar mills, sawmills, and other purposes; that *Stillman, Allen & Co.,* executed same contracts, made by him on their behalf, corresponded directly with him in reference to those contracts, and that he was recognized as agent, for those purposes, by them, and by *Bonner* and *Smith.*

He alleges, that he traveled through the country, occupied much time, and incurred great expense in performing these services, and made contracts for engines and machinery, to the amount of $148,148; that some of these contracts were executed by *Stillman, Allen & Co.,* and the machinery furnished, but that they, wrongfully and in bad faith, refused to execute other similar contracts. Lastly, he alledges, that, for his services and labor, he was entitled to receive from the defendants, pay and commissions, at the rate of 2½ per cent on the cost of the machinery for which he might procure contracts; and that, in all cases in which he personally superintended the erection of the machinery furnished by *Stillman, Allen & Co,* he was to receive an additional compensation of four per cent on the cost of the same.

*Bonner* and *Smith* excepted, that the allegations of the plaintiff's petition did not show that they were personally liable for his claim; so the court decided, and he has appealed.

The plaintiff's petition clearly shows, that *Bonner* and *Smith* were agents of *Stillman, Allen & Co.;* that the names of these principals were disclosed to the plaintiff in employing him, and that he rendered his services to the principals, and not to the agents. He and the principal corresponded directly in relation to those services.

There is an allegation, that the defendants were to pay 2½ per cent commission on the value of the machinery for which he made contracts. But this evidently means, the defendants to whom he rendered the services, and 2½ per cent on the value of their machinery, not the defendants, *Bonner* and *Smith,* to whom he rendered no services, and who had nothing to do with the machinery, except as agents.

As agents merely, they are not liable at all; and liability cannot be presumed against them, without an agreement express or implied. It is certainly not to be presumed in this case, where the agents disclosed their principals, where the plaintiff corresponded directly with them, and rendered all his services to them alone.

Our code declares, "That the mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it," and, *a fortiori,* for nothing done within the mandate. The mandatary is responsible to those with whom he contracts, only when he has bound himself personally. Code, arts. 2981, 2982. There is a decision to the same effect, 13 L. R., 20.

The plaintiff contends, that he was to share commissions of five per cent, with the agents, *Bonner* and *Smith.* He does not so state in his petition, but that he was to receive 2½ per cent commission for his own compensation.

The judgment of the district court is correct, and is affirmed, with costs.